Green, J.
delivered the opinion of the court.
The question for decision in this case is, can surplus monies in the hands of a sheriff be attached by a creditor of the execution debtor. The act of 1817, ch. 54, sec. 1, provides, whenever any sheriff, &c. shall sell property by virtue of an execution for more than sufficient to satisfy said execution it shall be his duty to pay over such surplus money to the owner of the property so sold. The moment, therefore, that the sheriff receives a larger amount of money for property sold under execution than is required for its satisfaction he is bound to pay it over to the party whose property was sold. The reasons that have been advanced in support of the adjudications which protect monies a sheriff may have collected by virtue of an execution do not apply to the present case. These are: first, that the process of the courts would be obstructed, and their judgments rendered ineffectual; and secondly, that the money is in the custody of the law, and is not goods and effects of the judgment creditor. 3 Mass. Rep. 294-5. But in the case under consideration the process of the courts cannot be obstructed by allowing the surplus money, after the satisfaction of an exe- *302 ration,.to be attached. The sheriff retains an amount sufficient to satisfy the process in his hands, and it cannot be affected by the disposition which may be made of the surplus. The other reason that money collected by execution is in the custody of the law has as little application to this case as the one already noticed. The act before referred to requires the sheriff to pay it over to the party whose property was sold. He is not required by the process to make such surplus money, but it comes into his custody incidentally and is not held by him by virtue of an execution; nor is the sheriff required to return such surplus money into court; but the moment he receives it he is debtor to the party whose property was sold, and therefore it can in no sense be said to be in the custody of the law.
The act of 1794, ch. 1, sec. 19, authorizes an attachment against the estate ,,of an absconding debtor, “wherever the same may be found, or in the hands of any'person indebted to or having any of the effects of the defendant.” The sheriff being debtor to the party whose property has been sold by virtue of an execution against him for the surplus money, after satisfying such execution, and such surplus constituting effects of the debtor in his hands, such money may, according to the express words of the statute, be attached in his hands. Let the judgment be affirmed.